**Klidi PJALMI, Migena Pjalmi,**
**Petitioners,**

v.

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

No. 05–0018–ag.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

Charles Christophe, New York, NY, for Petitioners.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Traci L. Kenner, Assistant United States Attorney, Tyler, TX, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Klidi and Migena Pjalmi petition for review of the BIA's December 2004 decision in which the BIA affirmed Immigration Judge ("IJ") Douglas B. Schoppert's order denying the petitioners' applications for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"), and ordering them removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

One of the first questions that must be addressed in a petition for review of an order of removal is what the Court is reviewing, whether it be the BIA decision, the IJ decision, or some combination of the two. This question ultimately comes down to an interpretation of what reasoning the BIA intended to rest its decision on. For example, if the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agen-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

cy determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). Or, if the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Further, if the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005).

In this case, the BIA specifically adopted and affirmed the IJ's decision "insofar as he found that the applicants had not satisfied the applicable burden of proof for the requested forms of relief." The IJ's decision, however, rested on an adverse credibility finding. While adverse credibility is a factor that may likely cause a petitioner to fail to meet a burden of proof, we cannot tell from the BIA's wording whether the BIA affirmed (1) because it assumed Pjalmi to be credible but found he had not presented sufficient proof or (2) because it believed Pjalmi was not credible. If the former, the BIA ignored substantial evidence. Pjalmi testified to being stabbed, shot, detained, and burned with cigarettes. If the BIA is concluding that these events do not rise to the level of persecution, or, on the other hand, if it believes he is not credible, it needs to say what it is concluding and then provide much more explanation than the conclusory statement it has given so far. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342–43 (2d Cir.2006).

For the foregoing reason, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings in accordance with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).